Richard C. Conway - #81679
Carla R.D. Khal - #166491
Ian I. Brady - #331259
KAHN, SOARES & CONWAY, LLP
219 North Douty Street
Hanford, California 93230
Telephone: (559) 584-3337
Facsimile: (559) 584-3348

Attorneys for: Plaintiff, Terri Little

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. |
| TERRI LITTLE., an individual | |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| NATURESTAR NORTH AMERICA, LLC, a Minnesota Limited Liability Company; TARGET CORPORATION, a Minnesota Corporation | |
| Defendants. | |

Plaintiff, Terri Little, an individual ("**Plaintiff**"), on behalf of herself and those similarly situated, based upon information, belief, and investigation by herself and her counsel, except for information based on personal knowledge, hereby alleges:

## INTRODUCTION

1.    Defendants NatureStar North America, LLC, ("**NatureStar**") and Target Corporation ("**Target**"), (collectively, "**Defendants**"), advertise, market, and sell disposable single-use tableware such as plates and bowls, and food storage bags in various sizes, all under the

label name "Matter" (the "**Products**") which are marketed as compostable. A compostable product is one which is capable of being broken down into non-toxic elements (compost) which are beneficial to the soil.

2.     Many consumers concerned with environmental problems associated with the proliferation of trash and waste actively seek to purchase products that are compostable so such products can be introduced into the soil, rather than deposited in landfills. These consumers are willing to pay more for such products, which often cost significantly more than non-compostable disposable bags, plates, and bowls.

3.     The purpose of this Complaint is to remedy Defendants' unlawful, unfair, and deceptive business practices with respect to the advertising, marketing, labeling, and sale of the Products as compostable, when in fact they are not.

4.     Plaintiff purchased several items of the Products from one of Target's stores, and did so in reliance on Defendants' false representations that the Products were compostable. Plaintiff viewed Defendants' false representations on the labels and packaging of the Products. If Plaintiff had known that the Products were not compostable, Plaintiff would not have purchased the Products and/or would not have paid the premium price for compostable products. Defendants have thus breached their express warranties under the California Commercial Code § 2313; violated the California Consumers Legal Remedies Act ("**CLRA**") by making representations that the Products have characteristics, benefits, and qualities which they do not have, and subsequently advertising the Products claiming that they did in fact have those characteristics, benefits, and qualities; and violated the Business and Professions Code § 17200 based on fraudulent, unlawful, and unfair acts and practices.

5.     Plaintiff and the Class seek an order enjoining Defendants' acts of unfair competition and other unlawful conduct, an award of damages to compensate them for Defendant's acts of unfair competition, false and misleading advertising, and breaches of warranty, and restitution to the individual victims of Defendants' fraudulent, unlawful, and unfair acts and practices.

**CLASS ACTION COMPLAINT**

**PARTIES**

6.      Plaintiff Terri Little is a resident of Fresno County, California. When given the choice, Plaintiff buys products that are compostable, recyclable, or reusable so that she can minimize her impact on the environment. Plaintiff purchased the Products during 2021 from a Target store in Hanford, California. Plaintiff purchased the Products because she believed that they would be an environmentally-friendly alternative to plastic products which are not compostable. Plaintiff specifically selected the Products for purchase in reliance on Defendants' representations that the Products are compostable. These false representations are located on the labels and other marketing materials for the Products. Had Plaintiff known that the Products contained PFAS chemicals, and thus could not break down into compostable material, she would not have purchased the Products. As a result, Plaintiff paid considerably more for the Products than she would have for similar products which are not and do not claim to be compostable.

7.      Defendant NatureStar is a Minnesota limited liability company with its principal place of business in Eden Prairie, Minnesota. NatureStar manufactures, distributes, and/or sells the Products in California.

8.      Defendant Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Target manufactures, distributes, and/or sells the Products in California.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over Defendants because Defendants are business entities that have sufficient minimum contacts with California, and have intentionally availed themselves of the California market either through the distribution, sale, or marketing of the Products within the State of California, or by having facilities located within California so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

10.      Venue is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

CLASS ACTION COMPLAINT

11.     **Intradistrict Assignment (L.R. 120(d)):** This action arises in Kings County, in that a substantial part of the events which give rise to the claims asserted herein occurred in Kings County. Pursuant to L.R. 120, all civil actions which arise in Kings County shall be assigned to the Fresno Division.

### BACKGROUND FACTS

12.     Due to the amount of landfilled waste accumulating in the environment, biodegradable and compostable foodware options have become increasingly popular. As consumers look to invest in sustainable alternatives to single-use plastics and packaging, some, including Plaintiff, actively seek out products that are compostable, recyclable, or reusable to prevent the increase in global waste and to minimize their environmental footprints.

13.     The California Business and Professions Code § 17580.5 makes it "unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied." Pursuant to that section, the term "environmental marketing claim" includes any claim contained in the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "**Green Guides**"). *Ibid; see also* 16 C.F.R. § 260.1, *et seq.* Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is compostable." 16 C.F.R. 260.7(a). "A marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost...in a safe and timely manner...in an appropriate composting facility..." 16 C.F.R. §260.7(b).

14.     The Green Guides' definition of "compostable" is consistent with reasonable consumer expectations that compost is comprised largely of "decayed organic matter" that "is used for fertilizing and conditioning land."[1] Accordingly, reasonable consumers expect that products advertised, marketed, sold, labeled, and/or represented as compostable will be converted into usable organic matter that decomposes into fertilizer to condition the land, and that such products will not introduce toxic chemicals into the fertilizer or land.

---

[1] Merriam-Webster Dictionary (2022); accessible at: https://www.merriamwebster. com/dictionary/compost; last accessed on: February 1 2022.

**CLASS ACTION COMPLAINT**

15.     The Green Guides specifically prohibit marketers from labeling products as compostable if those products release toxins into the compost as they break down, noting that "a claim is deceptive if the presence...toxins prevents the compost from being usable" 16 C.F.R. §260.7(d).

**FACTS REGARDING DEFENDANTS' PRODUCTS CONTAINING PFAS**

16.     Defendants advertise, market, and sell their Products under the Matter label as compostable. Certain of the Products such as bowls and plates contain significant amounts of perfluoroalkyl and polyfluoroalkyl substances ("**PFAS**"), which do not break down and never become part of usable compost. PFAS are highly persistent synthetic fluorinated chemicals which have been associated with a variety of negative health effects such as cancer, developmental toxicity, immunotoxicity among others.[2]

17.     PFAS are known as "forever chemicals" because they do not break down over time. When PFAS are introduced into the environment, they seep into and contaminate both land and water and then never leave. PFAS introduced into soil contaminates crops grown in that soil and the meat from farm animals that graze there. Compost is used as soil-conditioning material or fertilizer, so when compost is itself contaminated with PFAS, the PFAS then contaminate the soil treated or fertilized with that compost and whatever grows or grazes on that soil.

18.     PFAS' characteristic carbon-fluorine bonds make them extremely resistant to degradation, even at high temperatures. The strength of the bond between carbon and fluorine means that these chemicals do not degrade in the environment. Due to the highly persistent nature of these chemicals, they break down, very slowly, if at all. In fact, according to the National Institute of Environmental Health Sciences, scientists are unable to estimate a half-life for PFAS.[3]

19.     Because PFAS do not break down, they accumulate in air, soil, water, and in the human body. [4]

---

[2] Schaider, L., et al., "Fluorinated Compounds in U.S. Fast Food Packaging" Environ Sci Technol Lett. 2017 ; 4(3): 105–111. doi:10.1021/acs.estlett.6b00435, (August 22, 2018), accessible at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6104644/pdf/nihms983267.pdf, last accessed on May 13, 2022.
[3] National Institute of Environmental Health Sciences, accessible at: https://www.niehs.nih.gov/health/topics/agents/pfc/index.cfm, last accessed on February 1, 2022.

**CLASS ACTION COMPLAINT**

20.     PFAS have grease and water-resistant properties, which means they are often added to paper plates, bowls, food storage, and packaging products (together, **Foodware**"). This leads to increased PFAS exposure in humans and in the environment. For products sold as compostable containing PFAS, there is the added concern that PFAS will seep into the ground and soil, contaminating otherwise-usable compost streams.

21.     Foodware containing PFAS can contaminate food items. Worse yet, for contaminated Foodware products that are compostable, PFAS can leach from the product into the compost stream, contaminating the compost itself and the organic matter grown using that composted material. For this reason, and for their environmental persistence, "PFASs should be considered incompatible with compostable food packaging."[5]

22.     Humans are exposed to PFAS by consuming PFAS-contaminated water and food, as well as through the use of products that contain PFAS. Such exposure can lead to effects on the immune system, cancer, and thyroid hormone disruption.

23.     Compostable and biodegradable Foodware options have become increasingly popular with consumers as a means to eliminate waste and divert usable products from landfills. For products that claim to be compostable and/or biodegradable, private certification schemes have arisen in the last two decades.

24.     California has not adopted any certification standard for compostable Foodware. Certain of the Products, the bowls and plates, bear a compostability certification from a private organization, TÜV Austria. Notwithstanding this certification, Plaintiff has caused bowls and plates made by NatureStar to be independently tested by a third-party laboratory to ascertain the presence and amount of PFAS within them.

25.     The test results indicate the presence of significant amounts of PFAS within the bowls and plates, in contradiction of Defendants' claims that their Products are compostable. Defendants' claims that the Products are compostable are uniform, consistent, and material claims.

---

[5] Schaider, L., et al., "Fluorinated Compounds in U.S. Fast Food Packaging" Environ Sci Technol Lett. 2017 ; 4(3): 105–111. doi:10.1021/acs.estlett.6b00435, (August 22, 2018), accessible at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6104644/pdf/nihms983267.pdf, last accessed on February 1, 2022 at p. 8.

**CLASS ACTION COMPLAINT**

Because the claims are false and misleading, ordinary consumers, including members of the class as defined hereinafter, are likely to be deceived by such representations.

26.     By encouraging consumers to dispose of the Products in compost collection bins on the basis that the Products are allegedly compostable, Defendants are contaminating entire compost streams with PFAS materials that will not break down over time. The Products are then mixed with composted and compostable materials in an industrial composting facility and turned into soil fertilizer for crops and other foods. However, the PFAS will remain uncomposted, thus contaminating the crops grown in that soil. Environmentally motivated consumers who purchase the Products in the belief that such products are compostable are thus unwittingly hindering sustainable composing efforts.

27.     It is reasonable to assume that if a Foodware product which is alleged to be compostable is accepted into an industrial composing program, then that Foodware product is in fact compostable. Defendants' representations that their Products are compostable are therefore likely to deceive ordinary consumers because the Products are not, in fact, compostable as they are held out to be.

28.     The Green Guides are clear: "[a] marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost (e.g., soil-conditioning materials, mulch) in a safe and timely manner (i.e., in approximately the same time as the materials with which it is composted) in an appropriate composing facility, or in a home compost pile or device." 16 C.F.R. §260.7(b). Here, the bowls and plates manufactured and sold by Defendants are not compostable because they are made with PFAS, which cannot break down over time.

29.     Defendants' marketing of the Products as compostable is thus a direct violation of the Green Guides. Because the Products are not compostable, Defendants' representations are thus per se deceptive under the Green Guides and under California law. Because the Products are not compostable, Defendant cannot make any compostable claims as to the Products.

CLASS ACTION COMPLAINT

**FACTS REGARDING DEFENDANTS' LABELING OF THEIR FOOD STORAGE BAG PRODUCTS**

30.     In addition to plates and bowls, there are food storage bags of various sizes which are manufactured, distributed, and sold by Defendants under the Matter label. Unlike the bowls and plates which were certified as allegedly compostable by TÜV Austria, these food storage bags are purported to be certified as compostable by a different certification organization, the Biodegradable Products Institute ("**BPI**").

31.     At the time that Plaintiff purchased the quart-sized and gallon-sized food storage bags, these products were not listed on BPI's website as being certified by BPI as being compostable. Defendants' use of the BPI logo and certification of compostability on the packaging of the food storage bags was a false and deceptive statement made to deceive consumers into thinking that the storage bags were certified as being compostable.

32.     The packaging for the storage bags also states that the bags were made in Malaysia. Plaintiff has received confirmation from BPI that, at the time that the Products were purchased by Plaintiff, no factory in Malaysia had been certified by BPI as producing compostable resealable food storage bags.

33.     On the packaging for the one gallon-sized food storage bags, the portion of the box that lists Malaysia as the bags' place of origin has had a sticker placed over it which instead states that the bags were manufactured in China. This re-labeling of the package is an attempt by Defendants to deceive consumers by concealing the bags' true country of origin, especially since the sticker is in the same font and coloring as the portion of the box it covers.

34.     California Public Resources Code § 42357.5 requires that compostable bags be readily and easily identifiable from non-compostable bags. To be considered identifiable, bags must either 1). Be green with the word "compostable" printed in one-inch lettering on one side of the bag; 2). Have the word "compostable" printed on one-inch green color lettering on both sides of the bag; or 3). Have the word "compostable" printed in at least a half-inch lettering within a one-inch green color stripe or band on both sides of the bag.

**CLASS ACTION COMPLAINT**

35.     The food storage bags at issue do not bear any of these required labeling features. No lettering or striping is present on them. Furthermore, the bags are not green-colored, but are instead a light brown color.

36.     Because the food storage bags are not properly labeled as compostable, and were not certified as compostable at the time of their purchase by Plaintiff, Defendant cannot make any claims as to their purported compostability.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this suit individually and as a class action pursuant to Federal Rule of Civil Procedure Rule 23, on behalf of herself and the following class of similarly situated individuals:

> All persons who purchased the Products for personal, family or household purposes in California (either directly or through an agent) during the applicable statute of limitations period (the "**Class**"). Specifically excluded from the Class are Defendants; the officers, directors or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir or assign of Defendants. Also excluded are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

38.     Plaintiff is unable to state the precise number of potential members of the proposed Class because that information is in the possession of Defendants. However, the number of Class members is so numerous that joinder would be impracticable for purposes of Rule 23(a)(1). The exact size of the proposed Class and the identity of its members will be readily ascertainable from the business records of Defendants and Defendants' retailers as well as Class members' own records and evidence. The disposition of the claims of the members of the Class in this action will substantially benefit both the parties and the Court.

39.     There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class for purposes of Rule 23(a)(2),

9

including whether Defendants' labels, advertisements, and packing include uniform misrepresentations that misled Plaintiff and the other members of the Class to believe that the Products are compostable when they are not. Proof of a common set of facts will establish the liability of Defendants and the right of each member of the Class to relief.

40.     Plaintiff asserts claims that are typical of the claims of the entire class, for purposes of Rule 23(a)(3). Plaintiff and all members of the Class have been subjected to the same wrongful conduct because they have purchased the Products that are labeled and sold as plates, bowls, and other Foodware items that are claimed by Defendants to be compostable, when they are not in fact compostable.

41.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class for purposes of Rule 23(a)(4). Plaintiff has no interests antagonistic to those of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

42.     Class certification is appropriate under Rule 23(b)(2) because Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief, is appropriate respecting the Class as a whole. Defendants utilized labeling and advertising concerning the Products that include uniform misrepresentations that misled Plaintiff and other members of the Class.

43.     Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact substantially predominate over any questions that my affect only individual members of the Class. These common legal and factual questions, which do not vary among Class members and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to the following:

          a.   Whether Defendants advertise and market the Products by representing that the Products are compostable;

          b.   Whether Defendants mispresented the true country of origin on packaging for certain of the Products;

c.   Whether the Products contain PFAS;

d.   If the Products contain PFAS, whether Defendants sold the Products with the knowledge that the Products contained PFAS;

e.   Whether the Products are compostable as advertised and labeled by Defendants;

f.   Whether Defendants' marketing, advertising, and labeling claims regarding the compostability of the Products are likely to deceive a reasonable consumer;

g.   Whether Defendants' representations regarding the compostability of the Products are likely to be read and understood by a reasonable consumer;

h.   Whether Defendants' representations regarding the compostability of the Products are in compliance with the Green Guides;

i.   Whether Defendants' claims regarding the compostability of the Products would be material to a reasonable consumer of the Products;

j.   Whether Defendants' conduct in advertising, marketing, and labeling of the Products constitutes a violation of California consumer protection laws;

k.   Whether Defendants' representations concerning the Products constitute express warranties with regard to the Products;

l.   Whether Defendants breached the express warranties they made with regard to the Products;

m.   Whether Defendants' representations regarding compostability constitute representations that the Products have characteristics, benefits, or qualities which they do not have;

n.   Whether Defendants advertised their Products without an intent to sell them as so advertised;

o.   Whether Defendants have been unjustly enriched from the sale of the Products;

p.   Whether punitive damages are warranted for Defendants' conduct, and if so, an appropriate amount of such damages; and

**CLASS ACTION COMPLAINT**

q.   Whether Plaintiff and the Class members are entitled to injunctive, equitable, and monetary relief.

44.   Defendants utilize marketing, advertisements, and labeling that includes uniform misrepresentations that misled Plaintiff and the other members of the Class. Defendants' claims regarding the compostability of the Products are one of the most prominent features of Defendants' marketing, advertising, and labeling of the Products. Nonetheless, the Products are not in fact compostable. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

45.   Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy. Class members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct. Because of the nature of the individual Class members' claims, few, if any, could or would otherwise afford to seek legal redress against Defendants for the wrongs complained of herein, and a representative class action is therefore appropriate, the superior method of proceeding, and essential to the interests of justice insofar as the resolution of Class members' claims are concerned. Absent a representative class action, members of the Class would continue to suffer losses for which they would have no remedy, and Defendants would unjustly retain the proceeds of its ill-gotten gains. Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden, and expense for the Court and the litigants, as well as create the risk of inconsistent rulings which might be dispositive of the interests of the other members of the Class who are not parties to the adjudications or may substantially impede their ability to protect their interests.

## FIRST CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class, and the General Public, Alleges Violations of CA Business & Professions Code § 17200, *et seq.* Based on Commission of Unlawful Acts)**

46.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 45 of this Complaint.

12

47.    The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.

48.    Defendants' conduct violates CA Business & Professions Code § 17580.5, which makes it unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim. Pursuant to §17580.5, the term "environmental marketing claim" includes any claim contained in the Green Guides. 16 C.F.R. §260.1, *et seq.* Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is compostable. A marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost (e.g., soil-conditioning material, mulch) in a safe and timely manner (i.e., in approximately the same time as the materials with which it is composted) in an appropriate composting facility, or in a home compost pile or device. A marketer should clearly and prominently qualify compostable claims to the extent necessary to avoid deception if: (1) the item cannot be composted safely or in a timely manner in a home compost pile or device; or (2) the claim misleads reasonable consumers about the environmental benefit provided when the item is disposed of in a landfill." 16 C.F.R. § 260(a)-(c). By misrepresenting that the Products are compostable and have been certified as compostable by third party certification organizations as described above, Defendants are violating Business and Professions Code § 17580.5.

49.    As detailed more fully in the paragraphs below, the acts and practices alleged herein were intended to or did result in the sale of the Products in violation of the CLRA, California Civil Code §1750, *et seq.*, and specifically California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

50.    Defendants' conduct also violates Section 5 of the Federal Trade Commission Act ("**FTC ACT**"), 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. By misrepresenting that the Products are compostable, Defendants are violating Section 5 of the FTC Act.

51.    Defendants' conduct also violated California Business & Professions Code § 17500, which prohibits knowingly making, by means of any advertising device or otherwise, any

13

**CLASS ACTION COMPLAINT**

untrue or misleading statement with the intent to sell a product or to induce the public to purchase a product. By misrepresenting that the Products are compostable, Defendants are violating Business & Professions Code § 17500.

52.     Defendants' conduct is also a breach of warranty. Defendants' representations that the Products are compostable constitute affirmations of fact made with regard to the Products, as well as descriptions of the Products, that are part of the basis of the bargain between Defendants and purchasers of the Products. Because those representations are material, false, and misleading, Defendants have breached their express warranties as to the Products and have violated California Commercial Code § 2313.

53.     Defendants' conduct is also a breach of California Public Resources Code § 42357.5. Certain of Defendants' Products which are required to have certain lettering and labeling features on them signifying that they were compostable were sold without those required lettering and labeling features on them. By selling certain of the Products without the lettering and labeling features as required by statute, Defendants are violating Public Resources Code § 42357.5.

54.     By violating the CLRA, the FTC Act, Business & Professions Code §§ 17500 and 17580.5, California Commercial Code § 2313, and California Public Resources Code §42357.5, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200. Plaintiff would not have purchased the Products, or would not have paid as much for Products, but for Defendants' unlawful business practices. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

55.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

///

///

///

///

14

**SECOND CAUSE OF ACTION**

**(Plaintiff, on Behalf of Herself, the Class, and the General Public, Alleges Violations of California Business & Professions Code § 17200, *et seq.* Based on Fraudulent Acts and Practices)**

56.     Plaintiff realleges and incorporated herein by reference Paragraphs 1 through 55 of this Complaint.

57.     Under Business & Professions Code § 17200, any business act to practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

58.     Defendants have engaged in and continue to engage in conduct that is likely to deceive members of the public. This conduct includes but is not limited to, representing that the Products are compostable; representing that the products have been certified as compostable by an independent third-party certification organization such as TÜV Austria or BPI; representing that certain of the Products have been manufactured in a country different from their actual county of origin; and selling certain of the Products in violation of California Public Resources Code § 42357.5 by failing to properly label them in accordance with applicable law.

59.     Plaintiff purchased the Products in reliance on Defendants' representations that the Products are compostable. Defendants' claims that the Products are compostable are material, untrue, and misleading. These compostable claims are prominent on all of Defendants' marketing, advertising, and labeling materials, even though Defendants are aware that the claims are false and misleading. Also, because Defendants' compostable claims violate Business & Professions Code §17580.5, such claims are deceptive *per se*. Defendants' claims are thus likely to deceive both Plaintiff and a reasonable consumer. Plaintiff would not have purchased the Products, or would not have paid as much for the Products, but for Defendants' false representations that the Products are compostable. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

60.     By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17 203.

### THIRD CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class, and the General Public, Alleges Violations of California Business & Professions Code § 17200, *et seq.* Based on Unfair Acts and Practices)**

61.     Plaintiff realleges and incorporated herein by reference Paragraphs 1 through 60 of this Complaint.

62.     Under Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous, or substantially injurious to consumers, or that violated a legislatively declared policy, constitutes an unfair business act to practice.

63.     Defendants have engaged in and continue to engage in conduct which is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. This conduct includes but is not limited to, advertising and marketing the Products as compostable when they are not. By taking advantage of consumers concerned about the environmental impact of non-sustainable wase, Defendants' conduct, as described herein, far outweighs the utility, if any, of such conduct.

64.     Defendants have engaged in and continue to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits, and quality of goods for sale.

65.     Defendants' conduct also violated the policy of the Green Guides. The Green Guides mandate that "it is deceptive to misrepresent, directly or by implication, that a product or package is compostable." 16 C.F.R. § 260.7(a). It further states that "[a] marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of usable compost...in a safe and timely manner." 16 C.F.R. § 260.7(b). As explained above, the Products are not compostable and the

PFAS contained within the Products do not break down into usable compost over time. Moreover, the PFAS contaminate the compost, thereby contaminating the soil treated with thecompost.

66.     Defendants' conduct, including failing to disclose that the Products contain PFAS which cannot break down into usable compost, is substantially injurious to consumer. Such conduct has caused and continues to cause substantial injury to consumers because consumers would not have purchased the Products but for Defendants' representations that the Products are compostable. Consumers are concerned about environmental issues in general and PFAS contamination in particular. Defendants' representations are therefore material to such consumers. Misleading causes injury to such consumers that is not outweighed by any countervailing benefits to consumers or competition. Indeed, no benefit to consumers or competition results from Defendants' conduct. Defendants gain an unfair advantage over their competitors, whose advertising must comply with the CLRA, the FTC Act, Cal. Business & Professions Code § 17580.5, and the Green Guides. Since consumers reasonably rely on Defendants' representations of the Products and injury results from the ordinary use of the Products, consumers could not have reasonably avoided such injury.

67.     Although Defendants know that the Products are not compostable, Defendants failed to disclose that fact to Plaintiff and the Class.

68.     By committing the acts alleged above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business & Professions Code § 17200.

69.     An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

70.     Plaintiff would not have purchased the Products, or would not have paid as much for the Products, but for Defendants' unfair business practices. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

///

17

**FOURTH CAUSE OF ACTION**

**(Plaintiff, on Behalf of Herself and the Class, Alleges Violations of the California**

**Consumers Legal Remedies Act – Injunctive Relief and Damages)**

71.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 70 of this Complaint.

72.     Plaintiff and the Class members purchased the Products for personal, family, or household purposes.

73.     The acts and practices of Defendants as described above were intended to deceive Plaintiff and the Class members as described herein and have resulted and will result in damages to Plaintiff and the Class members. These actions violated and continue to violate the CLRA in at least the following respects:

      a.   In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and practices constitute representations that the Products have characteristics, uses, or benefits which they do not, in fact, have;

      b.   In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and practices constitute representations that the Products are of a particular quality, which they are not; and

      c.   In violation of Section 1770(a)(9) of the CLRA, Defendants' acts and practices constitute the advertisement of the Products without the intent to sell them as advertised.

74.     By reason of the foregoing, Plaintiff and the Class members have suffered damages.

75.     By committing the acts alleged above, Defendants violated the CLRA.

76.     In compliance with the provisions of California Civil Code § 1782, on May 10, 2021, and July 12, 2021, Plaintiff provided written notice to Defendants of her intention to seek damages under California Civil Code §1750, *et seq.*, and requested that Defendants offer an appropriate consideration or other remedy to all affected consumers. As of the date of this

18

complaint, Defendants have not done so. Accordingly, Plaintiff seeks damages pursuant to California Civil Code §§ 1780(a)(1) and 1781(a).

77.     Pursuant to California Civil Code § 180(a)(2), Plaintiff and the Class members are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, providing actual and punitive damages and restitution to Plaintiff and the Class members, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code § 1780.

## FIFTH CAUSE OF ACTION

### (Plaintiff, on Behalf of Herself and the Class, Alleges Breach of Express Warranty)

78.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 77 of this Complaint.

79.     The Uniform Commercial Code §2-313 provides that an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the foods shall conform to the promise.

80.     As detailed above, Defendants marketed and sold the Products as compostable. Defendants' representations that the Products are compostable constitute affirmations of fact made with regard to the Products, as well as descriptions of the Products.

81.     Defendants' representations regarding the compostability of the Products are uniformly made in the Products' advertising, internet websites, and other marketing materials, and on the Product' labeling and packaging materials, and are thus part of the basis of the bargain between Defendants and purchasers of the Products.

82.     California has codified and adopted the provisions of the Uniform Commercial Code governing express warranties (Cal. Com. Code § 2313).

83.     At the time that Defendants designed, manufactured, sold, and distributed the Products, Defendants knew that the Products were not compostable.

84.     As set forth in the paragraphs above, the Products are not compostable and thus do not conform to Defendants' express representations that the Products are compostable. Defendants have thus breached their express warranties concerning the Products.

85.     On May 10, 2021, Plaintiff sent a pre-suit demand letter to Defendants notifying Defendants that certain of the Products were not properly labeled in accordance with California Public Resources Code § 42357.5. On July 12, 2021, Plaintiff sent a second pre-suit demand letter to Defendants that the Products were not in fact compostable as Defendants market, advertise, and otherwise claim the Products are. Defendants therefore have actual and constructive knowledge that the Products are not compostable and were thus not sold as marketed and advertised.

86.     As a direct and proximate result of Defendants' breach of express warranties, Plaintiff and Class members have suffered damages.

## SIXTH CAUSE OF ACTION

### (Plaintiff, on Behalf of Herself and the Class, Alleges Unjust Enrichment)

87.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 86 of this Complaint.

88.     Plaintiff and the Class members conferred benefits on Defendants by purchasing the Products.

89.     Defendants have knowledge of such benefits.

90.     Defendants voluntarily accepted and retained the benefits conferred.

91.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class members' purchases of the Products.

92.     Retention of that money under these circumstances is unjust and inequitable because Defendants falsely and misleadingly represented through their labeling, advertising, and marketing materials that the Products are compostable, when the Products are not in fact compostable.

93.     These misrepresentations and omissions caused injuries to Plaintiff and the Class members because they would not have purchased the Products, or would not have paid as much

for the Products, had they known that the Products are not compostable, but instead, contaminate the compost stream.

94.     Because Defendants' retention of the non-gratuitous benefits conferred to them by Plaintiff and the Class members is unjust and inequitable, Defendants ought to pay restitution to Plaintiff and the Class members for their unjust enrichment.

95.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class members are entitled to restitution or disgorgement in an amount to be proven at trial

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

1.   That the Court declare this a class action;

2.   That the Court preliminarily and permanently enjoin Defendants from conducting their business through the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

3.   That the Court order Defendants to cease and refrain from marketing and promotion of the Products that state or imply that the Products are compostable;

4.   That the Court order Defendants to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

5.   That the Court order Defendants to notify each and every Class member of the pendency of the claims in this action in order to give such individuals an opportunity to obtain restitution and damages from Defendants;

6.   That the Court order Defendants to pay restitution to restore all Class members all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

21

7.   That the Court order Defendants to disgorge all money wrongfully obtained and all revenues and profits derived by Defendants as a result of their acts or practices as alleged in this Complaint;

8.   That the Court award damages to Plaintiff and the Class to compensate them for the conduct alleged in this complaint;

9.   That the Court award punitive damages pursuant to California Civil Code § 78(a)(4);

10. That the Court grant Plaintiff reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5, California Civil Code § 1780(d), the common fund doctrine, or any other appropriate legal theory; and

11. That the Court grant such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all causes of action so triable.


Dated: February 23, 2022                          KAHN, SOARES & CONWAY, LLP

                                                  By: _____
                                                  Richard C. Conway, attorney for Plaintiff,
                                                  Terri Little, an individual


F:\WORD\15\15061.25\Pleadings\Drafts\Complaint 022322.docx

22

**CLASS ACTION COMPLAINT**