Sean M. Whyte *(Pro Hac Vice)*
Anelisa Benavides *(Pro Hac Vice)*
Mary Bacon, CASB No. 283369
SPENCER FANE LLP
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430

*Counsel for Defendants NatureStar North America, LLC and Target Corporation*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRI LITTLE, an individual<br><br>Plaintiff,<br><br>v.<br><br>NATURESTAR NORTH AMERICA, LLC, a Minnesota Limited Liability Company; TARGET CORPORATION, a Minnesota Corporation<br><br>Defendants. | Case No. 1:22-CV-00232-JLT-EPG<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that in Courtroom 10 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, before the Honorable Jennifer L. Thurston, Defendants NatureStar North America, LLC ("NatureStar") and Target Corporation ("Target") (hereinafter referred to collectively as "Defendants") move this Court for its order granting Defendants' Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Fed. R. Civ. P. 8(a), 9(b), 12(b)(1), and 12(b)(6). In support of their Motion, Defendants state that Plaintiff has not pled and cannot plead facts sufficient to establish her claims against Defendants. Furthermore, Plaintiff has alleged claims for which she lacks standing under Article III or are not ripe under Article III.

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers filed in this action, and any other matters the Court may consider at or before the hearing on this Motion.

DATED:      April 13, 2022

**SPENCER FANE LLP**

By: */s/ Sean M. Whyte*
Sean M. Whyte *(Pro Hac Vice)*
Anelisa Benavides *(Pro Hac Vice)*
SPENCER FANE LLP
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone:  (602) 333-5430
swhyte@spencerfane.com
abenavides@spencerfane.com

Mary Bacon, CASB No. 283369
SPENCER FANE LLP
300 South Fourth Street, Suite 950
Las Vegas, NV 89101
Telephone: (702) 408-3411
mbacon@spencerfane.com

*Counsel for Defendants NatureStar North America, LLC and Target Corporation*

DEFENDANTS' MOTION TO DISMISS - 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Defendant NatureStar sells high-quality, single-use products using natural, renewable, sustainably farmed plant fibers to make bowls, plates, straws, food-storage bags, cutlery, gloves, and other goods. NatureStar's products have been certified by independent third-parties as compostable and Defendant Target offers NatureStar products for sale to customers at their stores.

Plaintiff alleges she purchased "several" of NatureStar's products from a Target store. Plaintiff makes two basic allegations that serve as the basis for all six of her causes of action.[1] First, Plaintiff alleges she purchased quart and gallon sized food-storage bags that had various labeling issues that violated California state law (hereinafter "Labeling Claims"). (Compl. ¶¶ 31-36.) Second, Plaintiff alleges that other, unidentified products, described as bowls and plates, contain chemicals that make these products unable to be composted (hereinafter "Compostability Claims"). (Compl. ¶¶ 16-29.) Neither of these allegations are properly pled and, as a consequence, Plaintiff's Complaint should be dismissed.

Defendant's Complaint is deficient for several reasons. First, Plaintiff's allegations fail to meet the requisite particularity to satisfy Fed. R. Civ. P. 9(b). Plaintiff's allegations sound in fraud but fail to detail Plaintiff's purchase or purchases of the specific products, her particular reliance on Defendants' representations, and alleged damages specific to her purchase or purchases of Defendants' products. For these reasons, all of Plaintiff's causes of action should be dismissed under Fed. R. Civ. P. 12(b)(6).

Second, Plaintiff bases all six of her causes of action, in part, on a flawed premise that in order to be legally compostable, a product must be free of all PFAS, which is a term that refers to per- and polyfluoroalkyl substances. (*See* Compl. ¶¶ 16-29.) PFAS are a group of over twelve-thousand manufactured chemicals that have been used in industry and consumer products since the

---

[1] Plaintiff's first three causes of action arise under the California Business & Professions Code § 17200 known as the California Unfair Competition Law ("UCL"). (Compl. ¶¶ 46-70.) The first cause of action alleges unlawful acts by Defendants under the UCL. (*Id.* ¶¶ 46-55.) The second cause of action alleges fraudulent acts and practices by Defendants under the UCL. (*Id.* ¶¶ 56-60.) The third cause of action alleges unfair acts and practices under the UCL. (*Id.* ¶¶ 61-70.) The fourth cause of actions seeks injunctive relief. (*Id.* ¶¶ 71-77.) The fifth cause of action alleges breach of express warranty. (*Id.* ¶¶ 78-86.) The sixth and final cause of action alleges unjust enrichment. (*Id.* ¶¶ 87-95.)

DEFENDANTS' MOTION TO DISMISS - 3

1940s because of their useful properties. By imposing a requirement of no PFAS in any compostable product, Plaintiff goes beyond any requirement of California state or federal law to allege a speculative claim against Defendants that is not ripe and should be dismissed under Fed. R. Civ. P. 12(b)(1).

Third, Plaintiff fails to state a claim for breach of express warranty because Plaintiff does not state the exact warranty terms and does not plead reliance on those terms. For these reasons, Plaintiff's express warranty claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

Fourth, Plaintiff fails to establish standing to bring a claim for injunctive relief because she has not plead facts that show she is in imminent threat of any harm by Defendants' continued activity. Plaintiff has alleged to have purchased certain of Defendants' products in reliance on Defendants' representations; however, Plaintiff is unable to plead any facts that would demonstrate her to be at risk of further harm by Defendants' actions. For these reasons, Plaintiff's claims for injunctive relief should be dismissed under Fed. R. Civ. P. 12(b)(1).

Fifth, Plaintiff fails to plead Article III standing for her Compostability Claims because she does not identify which products she purchased that form the basis for her claims. Plaintiff's Compostability Claims cannot be lumped in with her Labeling Claims since the Foodware products and food-storage bags are significantly different products that are manufactured differently. For these reasons, Plaintiff's Compostability Claims should be dismissed under Fed. R. Civ. P. 12(b)(1).

Defendants are therefore entitled to dismissal of all of Plaintiff's causes of action.

**II.      Legal Standard**

Under Fed. R. Civ. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Under notice pleadings in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). While Fed. R. Civ. P. 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the … laws in way that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 544). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although all allegations of material fact are taken as true, this Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), or "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

To resolve a Fed. R. Civ. P. 12(b)(6) motion under *Twombly*, a court must follow a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As such, a pleading must allege facts that permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court considering a motion to dismiss may "begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of the truth." *Id.* at 679.  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.*

A complaint is properly dismissed where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible." *Id.* at 683.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of Article III of the Federal Constitution.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Motions raising the ripeness issue are treated as brought under Fed. R. Civ. P. 12(b)(1).  *Id.*  Unlike a Fed. R. Civ. P. 12(b)(6) motion, a Fed. R. Civ. P. 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court.  *Id.* The district court may look to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes.  *Id.*

### III.   ARGUMENT

#### A. Plaintiff's Claims Are Fraud-Based But Plaintiff Has Not Plead Them With the Requisite Particularity to Satisfy Fed. R. Civ. P. 9(b).

Where claims sound in fraud, a complaint must "state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b)'s heightened pleading standards apply equally to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-06 (9th Cir. 2003)); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  To satisfy Fed. R. Civ. P. 9(b), Plaintiff must identify the "who, what, when, where, and how" of the alleged misconduct. *See Kearns*, 567 F.3d at 1124.

Rather than offering the required facts detailing her own purchasing decisions, Plaintiff

relies almost exclusively on conclusory assertions regarding the products complained of. (*See,* e.g., Compl. ¶¶ 2-4.) By Plaintiff's own admission, the products complained of in Plaintiff's Complaint include a variety of products from bowls and plates to food-storage bags. (Compl. ¶ 1.) These products come in different sizes, are made of different materials, and contain different ingredients. Plaintiff does not specify which products she purchased herself, whether she did so on more than one occasion, what specific products she would have purchased had she not relied on Defendants' alleged misrepresentations, and whether she continues to purchase Defendants' products. Plaintiff does not even talk about the specific representations made on NatureStar's products, except for a brief discussion of some of the claims made on NatureStar's food-storage bags. (Compl. ¶¶ 30-33.)

Plaintiff cannot rely on broad, sweeping statements when making allegations against Defendants that are grounded in fraud. Since fraud and misrepresentation is the basis for both Plaintiff's Labeling Claims (*See, e.g.*, Compl. ¶ 31) and Compostibility Claims (*See, e.g.*, Compl. ¶ 48), all of Plaintiff's six causes of action should be dismissed for failure to comply with Fed. R. Civ. P. 9(b).

### B. Plaintiff's Compostability Claims Lack Article III Standing Because They are Not Ripe.

Plaintiff attempts to have this Court adjudicate a purported class action wherein Plaintiff gets to assert that the proper amount of PFAS in usable compost is zero. Plaintiff seeks to create this playing filed despite the fact that the federal and state governments have only recently begun to determine how much PFAS should be in products sold as compostable. Plaintiff does this by attempting to twist current FTC guidance into a zero-PFAS position that the FTC has never adopted and that the state of California has refused to adopt. In October of 2021, the State of California passed a bill that goes into effect in 2026, allowing products to be labeled as compostable as long as the product contains no more than 100 parts per million of PFAS. In short, the issue Plaintiff seeks to have this Court decide is not ripe under Article III.

The Ninth Circuit has explained that "[r]ipeness is a question of timing and is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in

DEFENDANTS' MOTION TO DISMISS - 7

abstract disagreements." *Underwood v. Mackay*, 614 Fed. App'x 871, 872 (9th Cir. 2015). Ripeness has both prudential and constitutional dimensions. *Id.* Prudential ripeness involves two overarching considerations: the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration. *Id.* "Even a case that is 'purely legal' may be deemed unripe if 'further factual development would significantly advance our ability to deal with the legal issues presented.'" *Id.* Here, Plaintiff attempts to have this Court decide an abstract, unripe dispute in contravention of California's treatment of the issue.

Plaintiff bases its unripe argument on a miscontrual of the language contained within the Federal Trade Commission's Green Guides. The Green Guides' section on Compostable Claims states that,

> [a] marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost (e.g., soil-conditioning material, mulch) in a safe and timely manner (i.e., in approximately the same time as the materials with which it is composted) in an appropriate composting facility, or in a home compost pile or device.

16 C.F.R § 260.7(b). Plaintiff argues that PFAS cannot break down, so any product that contains PFAS cannot satisfy the Green Guides since it requires that "all the materials in the item will break down." (Compl. ¶ 28.) Plaintiff fails to focus on the full sentence that states "all the materials in the item will break down into, ***or otherwise become part of, usable compost***." 16 C.F.R § 260.7(b) (emphasis added). Plaintiff has no evidence that the FTC's Green Guides have claimed that zero PFAS is required for "usable compost." Even if Plaintiff had such evidence, the state of California has established that it will not take a zero-PFAS approach. In effect, Plaintiff invites this Court to address this unripe, abstract issue where the state of California has already signed a law addressing it that purposely allows manufacturers five years to comply. As mentioned above, the state of California recently passed a bill that controverts Plaintiff's assumption that there must be zero PFAS in a product for it to be compostable. On October 5, 2021—before this case was filed— Governor Gavin Newsom signed into law California Assembly Bill 1201, which amended Section 42357 of the California Public Resources Code, to prohibit the labeling of a product as

"compostable" unless the product satisfies five requirements. Cal. Pub. Res. Code § 42357(g)(1). Although these requirements are not enforceable by the Bill until 2026, the Bill is highly instructive in this case because it specifically addresses the presence of perfluoroalkyl or polyfluoroalkyl substances in products labeled as compostable.

Specifically, Section 42357(g)(1)(3)(C) of the California Public Resources Code now states that,

> [a] person shall not sell or offer for sale a product in this state that is labeled with the term "compostable"…unless the product…[d]oes not have a total organic fluorine concentration of greater than 100 parts per million, unless the department adopts a different standard that it determines would more effectively *limit* the presence of perfluoroalkyl or polyfluoroalkyl substances.

*Id.* at § 42357(g)(1)(C) (emphasis added). The operative word is "limit."

The State of California, in an effort to address the concerns surrounding the presence of PFAS in compostable products has issued guidelines that help *limit* the amount of PFAS allowable in certain products. In effect, the state of California determined that usable compost includes products that have a maximum of 100 parts per million of PFAS. Therefore, Plaintiff cannot simply disregard the State of California's most recent addition to the California Public Resources Code by asking this Court to find Defendants liable for fraud and misleading statements simply because Defendants' labeled products containing some amount of PFAS as compostable. The Green Guides cannot be applied in a manner that is contradictory to the legislature's intent in passing the newest additions to the California Public Resources Code.

For the foregoing reasons, Plaintiff's allegations regarding Defendants' products that contain PFAS are defective and should be dismissed under Rule 12(b)(1) as they are not ripe for adjudication under Article III.

### C. Plaintiff Fails to State a Claim for Breach of Express Warranty.

In support of her claim for breach of express warranty, Plaintiff alleges that Defendants violated California Commercial Code §2313 because Defendants "designed, manufactured, sold, and distributed" products as compostable when they were in fact not compostable. (*See* Compl. ¶¶ 78-86.) To plead an action for breach of express warranty under California law, a plaintiff must

allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty, which proximately caused plaintiff's injury. *Currier v. Stryker Corp.*, 2:11-CV-1203-JAM-EFB, 2011 WL 4898501, at *4 (E.D. Cal. Oct. 13, 2011).

California law demands that a plaintiff "must allege 'the exact terms of the warranty.'" *In re Sony PS3 "Other OS" Litig.*, 551 Fed. App'x 916, 919 (9th Cir. 2014). Here, Plaintiff has, at best, made generic allegations about Defendant NatureStar's claims. Plaintiff does not quote exact text from any of the allegedly purchased products. (*See* generally Compl. ¶¶ 1-95.) Plaintiff does not include any of the packaging of the allegedly purchased products. (*Id.*) Defendants cannot be certain the basis for Plaintiff's claims given the nonspecific allegations.

Furthermore, Plaintiff has not pled reliance on the exact terms of the warranty because, as stated above, Plaintiff has not alleged the exact terms of the warranty as required by California law. (*Id.*) Failing to plead reliance provides additional independent grounds for dismissal of the express warranty cause of action. *Currier*, 2011 WL 4898501, at *4 (dismissing express warranty claim with prejudice for failure to plead reliance).

For the forgoing reasons, Plaintiff's improperly pled claim for breach of express warranty should be dismissed.

### D. Plaintiff Lacks Article III Standing for Injunctive Relief Because She Is Not a Continuing Purchaser and Is Not Realistically Threatened by Repetition of the Alleged Violations.

To establish standing, the plaintiff must show she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 228 (2016). These elements are referred to as injury-in-fact, causation, and redressability. *Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). All three are necessary. *Id.* Importantly, the plaintiff invoking federal jurisdiction carries the burden of satisfying these elements and "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000); *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff asks the Court to "preliminarily and permanently enjoin Defendants from

conducting their business through the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising," and to "order Defendants to cease and refrain from marketing and promotion of the Products that state or imply that the Products are compostable." (Compl. ¶¶ 2-3.) The U.S. Supreme Court has held that "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Lujan,* 504 U.S. at 564 (internal quotations omitted). Relatedly, a class action plaintiff "cannot rely on the prospect of future injury to unnamed class members if they cannot establish they have standing to seek injunctive relief." *Castagnola v. Hewlett-Packard Co.,* No. C 11-05772 JSW, 2012 WL 2159385, at *5 (N.D. Cal. June 13, 2012).

Plaintiff alleges that "she would not have purchased the Products" had she known they contained PFAS. (Compl. ¶ 6.) Plaintiff further applies that same logic to the unnamed class members by stating that "consumers would not have purchased the Products but for Defendants' representations that the Products are compostable." (*Id.* ¶ 66.) Injunctive relief requires a showing of imminent threat to the plaintiff, which is entirely implausible in this situation since Plaintiff's alleged "injury" is complete. The Ninth Circuit has held that plaintiffs who seek injunctive relief "must demonstrate that they are realistically threatened by a repetition of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (quotation marks omitted). Plaintiff thus lacks standing to pursue injunctive relief because she does not allege that she or any of the unnamed plaintiffs will continue to purchase the Products.

E. Plaintiff Lacks Article III Standing To Bring Any Cause of Action Regarding Plaintiff's Compostability Claims.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III. To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 330. These elements are referred to as injury-in-fact, causation, and redressability. *Planned Parenthood,* 946 F.3d at 1100. All three

are necessary. *Id.* Importantly, the plaintiff invoking federal jurisdiction carries the burden of satisfying these elements and "must demonstrate standing separately for each form of relief sought." *Friends of the Earth*, 528 U.S. at 167; *Lujan*, 504 U.S. at 555. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly allege facts demonstrating' each element." *Spokeo*, 578 U.S. at 330.

Plaintiff's first, second, and third causes of action all arise out of Plaintiff's allegations that Defendants violated the Business and Professions Code § 17200 based on fraudulent, unlawful, and unfair acts and practices. (Compl. ¶¶ 46-70.) Plaintiff has failed to plead facts sufficient to establish standing for any and all of her Compostability Claims because she fails to identify the products she purchased, which prevents her from proving causation.

In her Complaint, Plaintiff alleges that she purchased "the Products during 2021 from a Target store in Hanford, California." (Compl. ¶ 6.) The term "Products" is defined loosely by Plaintiff as "disposable single-use tableware such as plates and bowls, and food storage bags in various sizes, all under the label name 'Matter.'" (Compl. ¶ 1.) Plaintiff does not specify which products she purchased or even whether she ever purchased any of the products she later describes as "Foodware." Plaintiff only alleges that she "purchased the quart-sized and gallon-sized food storage bags." (*Id.* ¶ 31.) Because Plaintiff has only plead that she purchased Defendants' storage bags, Plaintiff is limited to bringing those causes of action that arise from her purchase of those bags, which are the Labeling Claims. Plaintiff does not have standing to bring any of her Composability Claims that are related to Defendants' products that allegedly contain PFAS.

The distinction between the two types of products is central to Plaintiff's Complaint. First, the so-called "Foodware" that Plaintiff complains about is made from completely different materials than the food storage bags, is subject to different regulations, and contains different ingredients. Second, the basis of Plaintiff's causes of action are entirely different with regard to the "Foodware" versus the food storage bags. The allegations related to the presence of PFAS are *only* applicable to those products Plaintiff refers to as "Foodware"; however, Plaintiff has not plead any facts that establish she ever purchased any of these "Foodware" items, let alone facts that would establish Plaintiff has somehow been harmed by Defendants in any way related to the sale of

"Foodware" items that allegedly contain PFAS.

Plaintiff claims to have "caused bowls and plates made by Nature Star to be independently tested by a third-party laboratory to ascertain the presence and amount of PFAS within them." (Compl. ¶ 24.) However, Plaintiff does not disclose exactly which products were tested, who tested them, where they were tested, or what the results were. Even more importantly, Plaintiff's causes of action depend on the existence of a customer who purchases a product in reliance on certain representations made by Defendants. It is not sufficient to establish standing for Plaintiff to plead that she "caused" certain products to be tested by a lab. Plaintiff must plead that she relied on Defendants representations, purchased a specific product, and was harmed by the purchase of that product.

Plaintiff has failed to plead sufficient facts to establish standing with regard to any of the causes of action that relate to Defendants' products that contain PFAS or Plaintiff's Compostability Claims. For that reason, Plaintiff's causes of action should all be dismissed as they relate to Plaintiff's Compostability Claims.

**IV.   Conclusion**

For the foregoing reasons, the Court should dismiss Plaintiff's claims against Defendants in their entirety.

| | |
|---|---|
| DATED: April 13, 2022 | By: */s/ Sean M. Whyte* <br> Sean M. Whyte *(Pro Hac Vice)* <br> Anelisa Benavides *(Pro Hac Vice)* <br> SPENCER FANE LLP <br> 2415 East Camelback Road, Suite 600 <br> Phoenix, AZ 85016 <br> Telephone: (602) 333-5430 <br> Fax: (602) 333-5431 <br> swhyte@spencerfane.com <br> abenavides@spencerfane.com <br><br> Mary Bacon, CASB No. 283369 <br> SPENCER FANE LLP <br> 300 South Fourth Street, Suite 950 <br> Las Vegas, NV 89101 <br> Telephone: (702) 408-3411 <br> Fax: (702) 408-3401 <br> mbacon@spencerfane.com <br><br> *Counsel for Defendants NatureStar North America, LLC and Target Corporation* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Anelisa Benavides*