**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRI LITTLE, *an individual*,<br><br>Plaintiff,<br><br>v.<br><br>NATURESTAR NORTH AMERICA, LLC, *a Minnesota Limited Liability Company*; TARGET CORPORATION, *a Minnesota Corporation*,<br><br>Defendants. | Case: 1:22-cv-00232-JLT-EPG<br><br>ORDER *SUA SPONTE* DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT<br><br>(Docs. 1, 12) |

Terri Little brings this class action lawsuit against NatureStar North America, LLC and Target Corporation for the false and deceptive business practice of advertising and marketing single-use tableware and food storage bags as "compostable." (Doc. 1 at ¶¶ 1–3.) Plaintiff alleges that independent test results from a third-party laboratory indicate that the products "contain significant amounts of perfluoroalkyl and polyfluoroalkyl substances ('PFAS')," which are not compostable substances. (Doc. 1 at ¶¶ 16–17, 24–25.) Plaintiff, on behalf of her proposed class, has brough six state-law causes of action against both Defendants. (*Id.* at 12–21.)

In their, motion to dismiss, Defendants attack Plaintiff's complaint on the basis that: (1) she has not pleaded her claims sounding in fraud with sufficient particularity to satisfy Rule 9(b); (2) her claims are not yet ripe and therefore fail to satisfy Article III's standing requirements; (3) her complaint fails to plausibly state a claim for breach of express warranty; (4) her request for

injunctive relief fails to satisfy Article III's standing requirements; and (5) Plaintiff lacks Article III standing to bring causes of action based on products that she did not purchase. (Doc. 12 at 6–13.) Without considering or addressing Defendants' arguments, however, the Court has "an independent obligation to ensure subject matter jurisdiction exists." *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023) (internal quotation marks and citation omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court will therefore *sua sponte* determine whether subject-matter jurisdiction properly exists in this case.

**I.   Subject-Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (same).

A.   CAFA Jurisdiction

When a plaintiff files a complaint in federal court, their pleading must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: those raising federal-law questions (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332(a)). *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Also, under the Class Action Fairness Act of 2005, district courts have jurisdiction over "class action[s]," which are defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure[.]" *Id.*; *see also* 28 U.S.C. §§ 1332(d)(1)(B), 1332(d)(2). "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v. Manheim Invs., Inc.*,

775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). In CAFA cases, the party asserting federal jurisdiction bears the burden to show the CAFA requirements are satisfied. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("The fundamental principle laid down in diversity cases, nevertheless, remains under CAFA: the party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction[.]").[1]

Jurisdiction premised on § 1332 requires the parties be diverse citizens. A party's citizenship is not determined by their residency. *See Rainero v. Archon Corp.*, 844 F.3d 832, 839–840 (9th Cir. 2016) (affirming dismissal of action because plaintiff "alleged only that he was a resident of Pennsylvania" and residency does not equate to citizenship); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.") Instead, a party's state citizenship is determined by her state of domicile. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). A party's domicile is their "permanent home," which is comprised of (1) where the party resides, (2) "with the intention to remain or to which she intends to return." *Id.* (internal quotation marks and citation omitted). Thus, while residency "constitutes some evidence of domicile," the plaintiff still bears the burden to show that the parties' citizenship is diverse to invoke diversity jurisdiction. *Id.*; *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence' . . . and one can reside in one place but be domiciled in another[.]") (internal citations omitted).

Furthermore, even with the "special liberalization" of jurisdictional requirements under CAFA, "there still must be a requisite amount in controversy that exceeds $5 million." *Ibarra*, 775 F.3d at 1195. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good

---

[1] As at least one other court has noted, the majority of CAFA jurisdiction cases are "in the context of a motion to remand filed by the plaintiff . . . there is hardly any authority evaluating the existence of CAFA jurisdiction in class actions originally filed in federal court." *Petkevicius v. NBTY, Inc.*, No. 314CV02616CABRBB, 2017 WL 1113295, at *3 (S.D. Cal. Mar. 24, 2017). Nonetheless, even in these cases, the Court still "holds Plaintiff to the same burden for establishing CAFA jurisdiction as it would hold a defendant who removed the case to [federal court] and faced a motion to remand from the plaintiff." *Id.* at *4.

1 faith.'"  *Id.* at 1197 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289

2 (1938)); *Lewis*, 627 F.3d at 399; *see also Geographic Expeditions, Inc. v. Est. of Lhotka ex rel.*

3 *Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court,

4 the amount in controversy is determined from the face of the pleadings.") (internal quotation

5 marks and citation omitted); *Petkevicius*, 2017 WL 1113295, at *4.  The "good faith" standard

6 prohibits the Court from accepting conclusory and vague allegations regarding the amount in

7 controversy.  *See Petkevicius*, 2017 WL 1113295, at *4.

### B. Plaintiff's complaint

In her complaint, Plaintiff alleges that the Court has personal jurisdiction over both defendants, (*id.* at ¶ 9), and that venue is proper in this Court.  (Doc. 1 at ¶ 10.)  Absent in her complaint is any mention of subject-matter jurisdiction, despite the requirements of Federal Rule of Civil Procedure 8(a), though Plaintiff alleges that she brings this class action lawsuit pursuant to Federal Rule of Civil Procedure 23.  (*Id.* at ¶¶ 37 ("Plaintiff brings this suit individually and as a class action pursuant to Federal Rule of Civil Procedure Rule 23, on behalf of herself and the following class of similarly situated individuals . . ."), 38–43.)

Though the complaint does specifically allege that the Court has jurisdiction under CAFA or based upon diversity as required by Rule 8(a)[2], she does so impliedly. She alleges that she "is a resident of Fresno County, California" (*id.* at ¶ 6) and that NatureStar, LLC and Target Corporation's principal places of business is Minnesota.  (*Id.* at ¶¶ 7–8.)

If Plaintiff intends to invoke diversity jurisdiction, she must demonstrate complete diversity of citizenship. 28 U.S.C. §§ 1332(a)(1). As previously mentioned, though residency "constitutes *some* evidence of domicile," allegations of residency alone do not suffice. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (emphasis in original); *Neiman*, 2023 WL 4891981, at *1 (allegations of residency alone are not enough to establish diversity jurisdiction); *Rainero*, 844 F.3d at 839 –840 (same). Moreover, Plaintiff alleges that "NatureStar

---

[2] Because Plaintiff has failed to allege a federal cause of action, the Court assumes that Plaintiff intends to invoke either CAFA or diversity jurisdiction.  *See Hansen v. Grp. Health Initiative*, 902 F.3d 1051, 1057 (9th Cir. 2018) (reciting that the well-pleaded complaint rule "provides that an action 'arise[s] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)).

is a Minnesota limited liability company, with its principal place of business in Eden Prairie, Minnesota." (Doc. 1 at ¶ 7.) It is well-established that "[f]or purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens." *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (internal quotation marks and citation omitted). Therefore, as an LLC, NatureStar's principal place of business is irrelevant in determining its state citizenship. *Baskin v. EC Paia LLC*, No. 22-15883, 2023 WL 7040317, at *1 (9th Cir. Oct. 26, 2023). Plaintiff has therefore failed to adequately allege diversity of citizenship. In addition, Plaintiff has failed the amount in controversy. (Doc. 1 at 21–22). This failure is fatal to her complaint. *Ibarra*, 775 F.3d at 1195, 1197; *Geographic Expeditions*, 599 F.3d at 1106.

Assuming that Plaintiff invokes this Court's CAFA jurisdiction, for the same reasons stated above, Plaintiff has not adequately alleged that the parties are minimally diverse citizens. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Even if she had, Plaintiff has failed to allege there are at least of 100 class members (28 U.S.C. §1332(d)(2); *Ibarra*, 775 F.3d at 1195; Doc. 1 at ¶ 37) or that there is a sufficient amount in controversy. (Doc. 1 at 21–22).

Because the Court lacks subject-matter jurisdiction, it must dismiss Plaintiff's complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (citation omitted); Fed. R. Civ. P. 12(h)(3) (requiring the Court to "dismiss the action" after determining it lacks subject-matter jurisdiction). Thus, the Court **DISMISSES** the complaint **WITHOUT PREJUDICE**. Defendants' Motion to Dismiss (Doc. 12) is therefore **DENIED AS MOOT**.

### C. Leave to Amend the Complaint

Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). In determining whether a plaintiff should be granted leave to amend, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977

F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted).  Generally, Rule 15 advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1160 (9th Cir. 2021) (internal quotation marks and citation omitted).

As none of the factors are present for denying leave to amend, the Court determines that Plaintiff should be granted leave to file a first amended complaint to adequately plead the basis for this Court's subject-matter jurisdiction.  Namely, the Court grants Plaintiff leave to amend her complaint to plead (1) the type of subject-matter jurisdiction invoked in this case, and (2) if the Court's diversity jurisdiction or CAFA jurisdiction is invoked, then (a) the citizenship of the parties, (b) the proposed number in the Class, and (c) a good faith allegation of the amount in controversy.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1)   The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

(2)   **Within 21 days**, Plaintiff may file an amended complaint or a notice of dismissal. Failure to timely file either document will result in dismissal of her case with prejudice pursuant to Rule 41(b)[3].

(3)   The motion to dismiss (Doc. 12) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated:   **November 29, 2023**

UNITED STATES DISTRICT JUDGE

---

[3] See *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063–1065 (9th Cir. 2004) (stating that a plaintiff's failure to take any action in response to a court's ultimatum to the plaintiff to either amend their complaint or indicate to the court that it will not do so "is properly met with the sanction of a Rule 41(b) dismissal").

6